# Exhibit A

ANTHONY J. BRADY, JR., ESQUIRE
1 Rose Avenue
Maple Shade, New Jersey
08052 (561) 603.6387
Attorney for Plaintiffs
Bar Number 044541984

| | |
|---|---|
| Advocates For Disabled Americans (AFDA)<br>Gregory Lasky ,<br><br>Plaintiff,<br>vs.<br><br>Mt. Holly Equities LLC.<br>and Dollar General Corporation<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>LAW DIVISION<br>DOCKET NO.: - L-<br><br>Civil Action<br><br>**PLAINTIFF'S COMPLAINT** |

**COMPLAINT**

Plaintiff AFDA and Gregory Lasky both residing at Apt 101, 20 South Main St. Glassboro , New Jersey 08028 hereby sues the Defendant for Injunctive Relief, attorney's fees, to AFDA, litigation expenses and costs, pursuant to the New Jersey Law and the ADA and damages under New jersey Law.

## First Count

1. Plaintiffs reside in Gloucester County, New Jersey.
2. Defendants' businesses are public accommodation, located at 516 High St. Mt. Holly, Burlington County, New Jersey.
3. Plaintiff, Lasky qualifies as an individual with disabilities as defined by the LAD.

He has orthopedic and neurological disabilities. Plaintiff ambulates by means of a wheelchair and is unable to walk without assistance.

4. Plaintiff AFDA is a civil rights non-profit organization whose purpose is to provide accessibility rights to the disabled.

5. Defendants' owns, leases, leases to, or operates a place of public accommodation as defined by the NJLAD and ADA and its regulations. The plaintiffs' have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the LAD with respect to this property as described but not necessarily limited to the allegations of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to LAD and ADA discrimination by the Defendants. Plaintiffs' desires to visit the subject public accommodation not only to avail the goods and services available at the property but to assure that this property is in compliance with the NJLAD and ADA so, that they and others, similarly situated, will have full and equal enjoyment of the property without fear of discrimination.

6. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings and services as prohibited by the NJLAD and Americans With Disabilities Act.

7. The Defendants have discriminated against, and is continuing to discriminate against the Plaintiffs, in violation of the NJLAD and ADA by failing to, inter alia, have accessible facilities.

8. These violations that personally encountered, and which were verified by an access expert.

9. Plaintiff Lasky on August 16, 2026, was a patron at the shopping mall including the Dollar General Store store. However, his use of the mall was impaired because of an improper proper route and parking,

10. Lasky has visited intentionally as a tester, as well as a patron, to ensure compliance with the NJLAD pursuant to Houston v. Marod Supermarkets, 733. F. 3d 1323 (11th cir.2013 and Lasky v. Borough of Hightstown, 426 N.J. Super. 68, 78 (App. Div. 2012). Lasky is also acting on behalf of the AFDA who he is President of as well the disabled.

11. Her ability to use the public accommodation was greatly impaired because of physical barriers.

12. Below mentioned is the following barriers:

13. **Exterior.**

Exterior routes into the building , commons and parking.

a. The building does not have proper parking. Routes or entrances. There is no proper access to the commons.

b. The bathroom for the general public at the Dollar General is not accessible with Defendant intentionally piling boxes blocking entrance to the bathroom.

14. Defendant has discriminated against the Plaintiffs, by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the NJLAD and ADA. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in

policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or, otherwise, treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would be served by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to the LAD.

22. The Plaintiff will return and enjoy the services of the on many occasions being close to the store. Houston v. Marod Supermarkets, 733. F. 3d 1323 (11th cir. 2013).

23. As a result, Plaintiffs' have sustained emotional sustained emotional distress.

**WHEREFORE,** plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of the NJLAD and ADA. .

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the LAD; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a

disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney fees, costs and litigation expenses pursuant to NJLAD to the AFDA.

d. Such other relief as the Court deems just and proper, and/or is allowable under the NJLAD and ADA.

Respectfully submitted,

Dated: August 18, 2026,

S/ Anthony J. Brady Jr.
Anthony J. Brady, Jr., Esq.

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001943-26

**Case Caption:** LASKY GREGORY VS MT. HOLLY EQUITIES L LC.
**Case Initiation Date:** 08/18/2026
**Attorney Name:** ANTHONY JAMES BRADY JR
**Firm Name:** ANTHONY J. BRADY
**Address:** 241 BURGUNDY F
DELRAY BEACH FL 33484
**Phone:** 5616036387
**Name of Party:** PLAINTIFF : Gregory Lasky
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** CIVIL RIGHTS
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Gregory Lasky? NO**

**Are sexual abuse claims alleged by: Advocates For Disabled America? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/18/2026
Dated

/s/ ANTHONY JAMES BRADY JR
Signed